1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   SEAN DAVID D.,                          )   Case No. 2:20-cv-01055-SP
                                             )
12              Plaintiff,                    )
                                             )
13        v.                                  )   MEMORANDUM OPINION AND
                                             )   ORDER
14                                            )
     KILOLO KIJAKAZI, Acting                  )
15   Commissioner of Social Security          )
     Administration,                          )
16                                            )
                Defendant.                    )
17                                            )
                                             )
18   _____)

19                                I.

20                        **INTRODUCTION**

21        On January 31, 2020, plaintiff Sean David D. filed a complaint against

22   defendant, the Commissioner of the Social Security Administration

23   ("Commissioner"), seeking a review of a denial of a period of disability and

24   disability insurance benefits ("DIB").  The parties have fully briefed the matters in

25   dispute, and the court deems the matter suitable for adjudication without oral

26   argument.

27        Plaintiff presents two disputed issues for decision: (1) whether the ALJ's

28

                                  1

1   residual functional capacity ("RFC") determination was supported by substantial

2   evidence; and (2) whether the ALJ erred in relying on the Vocational Expert

3   ("VE") testimony at step five.  Plaintiff's Memorandum in Support of Complaint

4   ("P. Mem.") at 3-5; *see* Memorandum in Support of Defendant's Answer ("D.

5   Mem.") at 3-9.

6          Having carefully studied the parties' memoranda on the issues in dispute, the

7   Administrative Record ("AR"), and the decision of the ALJ, the court concludes

8   that, as detailed herein, the ALJ's RFC determination was supported by substantial

9   evidence and the ALJ properly relied on the VE's testimony at step five.

10  Consequently, the court affirms the decision of the Commissioner denying

11  benefits.

12                                              **II.**

13                      **FACTUAL AND PROCEDURAL BACKGROUND**

14         Plaintiff, who was 45 years old on the alleged onset date, has a high school

15  diploma and attended one year of college.  AR at 93, 122.  Plaintiff has past

16  relevant work experience as a stage set painter.  *Id.* at 104.

17         On April 27, 2015, plaintiff filed an application for DIB, alleging an onset

18  date of January 16, 2013 due to two slipped disks in his lower back, a herniated

19  disk, arthritis in both knees, panic attacks, and headaches.  *Id.* at 122, 337-38.  The

20  Commissioner denied plaintiff's application initially on October 29, 2015, and

21  upon reconsideration on January 8, 2016, after which he requested a hearing.  *Id.* at

22  135, 148, 162.

23         Plaintiff, represented by counsel, appeared and testified at a hearing before

24  the ALJ on September 13, 2017 and at a supplemental hearing on April 25, 2018.

25  *Id.* at 48-108, 109-121.  The ALJ also heard testimony from Dr. Elizabeth Brown-

26  Ramos, a vocational expert, and Dr. Miriam Sherman, a medical expert, at the

27  April 25, 2018 supplemental hearing.  *Id.* at 64-70, 103-08.  At another

28

1  supplemental hearing on November 30, 2018, the ALJ again heard testimony from

2  the vocational expert Dr. Ramos. *Id.* at 43-47. In between these hearings, Dr.

3  Ramos provided additional testimony by way of written interrogatory responses.

4  *Id.* at 464-66. On December 31, 2018, the ALJ denied plaintiff's claim for

5  benefits. *Id.* at 15-26.

6         Applying the well-known five-step sequential evaluation process, the ALJ

7  found, at step one, that plaintiff had not engaged in substantial gainful activity

8  between January 16, 2013, the alleged onset date, and March 31, 2018, the date last

9  insured. *Id*. at 18.

10        At step two, the ALJ found plaintiff suffered from the following severe

11  impairments: degenerative disc disease of the lumbar and cervical spine; and

12  osteoarthritis of the bilateral knees. *Id.*

13        At step three, the ALJ found plaintiff's impairments, whether individually or

14  in combination, did not meet or medically equal one of the listed impairments set

15  forth in 20 C.F.R. part 404, Subpart P, Appendix 1 (the "Listings"). *Id.* at 20.

16        The ALJ then assessed plaintiff's RFC,[1] and determined that through the

17  date last insured, plaintiff had the RFC to perform medium work,[2] with the added

18  limitations that he could: lift and carry 50 pounds occasionally and 25 pounds

19  frequently; push and pull to the same extent as the lift and carry limit; sit for six

20  hours in an eight-hour workday but no more than two hours at a time; stand for

21  _____

22  [1]   Residual functional capacity is what a claimant can do despite existing
    exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-
23  56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation,
24  the ALJ must proceed to an intermediate step in which the ALJ assesses the
    claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151
25  n.2 (9th Cir. 2007).

26
    [2]   Medium work is defined as work that involves lifting no more than 50
27  pounds at a time with frequent lifting or carrying of objects weighing up to 25
28  pounds. *See* 20 C.F.R. § 404.1567(c); Social Security Ruling ("SSR") 83-10 at *6.

1   four hours in an eight-hour workday but no more than two hours at a time; walk for

2   four hours in an eight-hour workday but no more than an hour at a time; frequently

3   climb ramps and stairs; occasionally climb ladders, ropes, or scaffolds; frequently

4   balance, stoop, or crouch; occasionally kneel and crawl; occasionally work at

5   unprotected heights; frequently work around moving mechanical parts; frequently

6   operate a motor vehicle; frequently work in humidity, wetness, extreme cold, and

7   extreme heat; and occasionally work in vibration. *Id.* at 21.

8           The ALJ found, at step four, that plaintiff was unable to perform any past

9   relevant work. *Id.* at 24.

10          At step five, the ALJ found – based on plaintiff's age, education, work

11  experience, and RFC – there were jobs that existed in significant numbers in the

12  national economy that plaintiff could have performed. *Id.* at 25.  Specifically, the

13  ALJ found that there was unskilled light work that plaintiff could perform, such as

14  bench assembler, electronic worker, and office worker.[3]  *Id.*  Consequently, the

15  ALJ concluded that, for the relevant period, plaintiff did not suffer from a

16  disability as defined by the Social Security Act. *Id*. at 25-26.

17          Plaintiff filed a timely request for review of the ALJ's decision, which was

18  denied by the Appeals Council. *Id.* at 1-8.  The ALJ's decision stands as the final

19  decision of the Commissioner.

20                                    **III.**

21                          **STANDARD OF REVIEW**

22          This court is empowered to review decisions by the Commissioner to deny

23  benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security

24  _____

25      [3]   Light work is defined as work that involves lifting no more than 20 pounds

26  at a time with frequent lifting or carrying of objects weighing up to 10 pounds.
    Jobs in this category may require a good deal of walking and standing, or involve

27  sitting most of the time with some pushing and pulling of arm and leg controls.

28  *See* 20 C.F.R. § 404.1567(b); SSR 83-10 at *5.

1   Administration must be upheld if they are free of legal error and supported by

2   substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001)

3   (as amended). But if the court determines the ALJ's findings are based on legal

4   error or are not supported by substantial evidence in the record, the court may

5   reject the findings and set aside the decision to deny benefits. *Aukland v.*

6   *Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d

7   1144, 1147 (9th Cir. 2001).

8        "Substantial evidence is more than a mere scintilla, but less than a

9   preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such

10  "relevant evidence which a reasonable person might accept as adequate to support

11  a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276

12  F.3d at 459. To determine whether substantial evidence supports the ALJ's

13  finding, the reviewing court must review the administrative record as a whole,

14  "weighing both the evidence that supports and the evidence that detracts from the

15  ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be

16  affirmed simply by isolating a specific quantum of supporting evidence.'"

17  *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th

18  Cir. 1998)). If the evidence can reasonably support either affirming or reversing

19  the ALJ's decision, the reviewing court "'may not substitute its judgment for that

20  of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir.

21  1992)).

22                              **IV.**

23                          **DISCUSSION**

24  **A.    Plaintiff Has Waived His Undeveloped Arguments**

25       Plaintiff initially appears to raise five issues with respect to the ALJ's

26  findings. *See* P. Mem. at 3. Specifically, plaintiff argues the ALJ erred in finding

27  that plaintiff did not suffer from chronic pain, that his mental limitations were not

28

5

1   severe, that the consultative opinions were of more weight than the treating

2   sources, that plaintiff's symptoms and descriptions by a witness were not

3   consistent with the objective medical evidence, and that the ALJ improperly relied

4   on vocational expert testimony in finding that plaintiff would be able to perform

5   significant numbers of jobs in the national economy.  *Id.*  But apart from listing

6   these purported issues in a single sentence, plaintiff fails to explain how the ALJ

7   erred with respect to those findings.  Indeed, plaintiff does not provide any citation

8   to the record, relevant case law, or even explanation for his assertions that the ALJ

9   erred to assist the court in evaluating plaintiff's assertions.  Instead, plaintiff

10  indicates he abandons those undeveloped issues in order to "simplify evaluation."

11  *Id.*

12         To the extent plaintiff intended for these purported issues to be construed as

13  arguments, the court declines to consider them because plaintiff failed to argue

14  these issues with any specificity.  *See Carmickle v. Comm'r*, 533 F.3d 1155, 1161

15  fn. 2 (9th Cir. 2007) (declining to address an ALJ's allegedly erroneous finding

16  because the claimant "failed to argues [the] issue with any specificity in his

17  briefing"); *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th

18  Cir. 2003) ("Beyond its bold assertion, [appellant] provides little if any analysis to

19  assist the court in evaluating its legal challenge" and "we cannot manufacture

20  arguments for an appellant and therefore we will not consider any claims that were

21  not actually argued in appellant's opening brief").  The court accordingly turns to

22  the two issues plaintiff did argues in more detail.

23  **B.    The ALJ's RFC Determination Was Supported by Substantial Evidence**

24         Plaintiff argues that the ALJ's RFC finding was inconsistent with the record

25  due to plaintiff's standing and walking limitations.  *See* P. Mem. at 3-5.

26         RFC is what one can "still do despite [his or her] limitations."  20 C.F.R.

27  § 404.1545(a)(1)-(2).  The ALJ reaches an RFC determination by reviewing and

28

1  considering all of the relevant evidence, including non-severe impairments.  *Id.*

2  When the record is ambiguous, the Commissioner has a duty to develop the record.

3  *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005); *see also Mayes*, 276

4  F.3d at 459-60 (ALJ has a duty to develop the record further only "when there is

5  ambiguous evidence or when the record is inadequate to allow for proper

6  evaluation of the evidence"); *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)

7  ("If the ALJ thought he needed to know the basis of [a doctor's] opinion[] in order

8  to evaluate [it], he had a duty to conduct an appropriate inquiry, for example, by

9  subpoenaing the physician[] or submitting further questions to [him or her].").

10  This may include retaining a medical expert or ordering a consultative

11  examination.  20 C.F.R. § 404.1519a(a).  The Commissioner may order a

12  consultative examination when trying to resolve an inconsistency in evidence or

13  when the evidence is insufficient to make a determination.  20 C.F.R.

14  § 404.1519a(b).

15         Here, the ALJ determined that plaintiff had the RFC to perform medium

16  work with additional limitations, including that plaintiff could stand or walk for

17  only four hours in an eight-hour workday, and could stand for no more than two

18  hours at a time and walk for no more than one hour at a time.  AR at 21.  At step

19  five, the ALJ found that plaintiff could perform three unskilled light jobs.  *Id.* at

20  25.  Plaintiff argues the ALJ's finding that plaintiff could perform light work is

21  inconsistent with the record due to his standing and walking limitations.  *See* P.

22  Mem. at 3-5.  The court disagrees, and finds the standing and walking limitations

23  found by the ALJ were supported by substantial evidence.

24         In reaching his RFC determination, the ALJ considered the objective

25  medical evidence in the record, which supports his RFC determination.  AR at 22.

26  The ALJ acknowledged that clinical and diagnostic findings showed that plaintiff

27  had some abnormalities, but found they were inconsistent with the severity of

28

7

1  plaintiff's assertion of disabling limitations.  *Id.*  For example, the ALJ noted that

2  an MRI of plaintiff's left knee in 2003 only disclosed mild degenerative changes

3  and minimal joint effusion.  *See id.* at 22, 489-92. Additionally, although plaintiff's

4  physical examination in July 2015 disclosed mild abnormalities in the bilateral

5  shoulders, cervical spine, and lumbar spine, there was no evidence of increased

6  muscle tone or spasm, and plaintiff exhibited a normal tandem and heel-to-toe gait,

7  normal range of motion in his hips and knees, and negative straight leg raising.

8  *See id.* at 22, 489-92.  Plaintiff was also able to get on and off the examination

9  table without assistance, had no apparent discomfort during the evaluation, and had

10 normal gait and posture.  *Id.* at 22, 489.

11       The ALJ also considered more recent medical records, which were

12 consistent with the ALJ's RFC finding.  For example, an X-ray of plaintiff's

13 lumbar spine in June 2016 disclosed only mild degenerative changes in plaintiff's

14 neck and back, and an MRI of plaintiff's lumbar spine in August 2017 did not

15 indicate any significant deterioration.  *Id.* at 22, 544-48.  The ALJ also noted that

16 plaintiff demonstrated some physical improvement in that he no longer required a

17 cane to walk in 2017.  *See id.* at 22, 540.  In addition, from February 2017 to April

18 2018, plaintiff reported that he was feeling good and that his pain was controlled

19 with medication.  *See id.* at 525-540, 562-63.  While plaintiff sometimes

20 complained of back pain, he also reported that he was "more functional" when

21 taking his pain medication, and that he had been doing landscaping work with a

22 friend.  *See id.* at 528-29; *Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th

23 Cir. 2006) ("Impairments that can be controlled effectively with medication are not

24 disabling for the purpose of determining eligibility for SSI benefits").  Further,

25 throughout 2017, plaintiff's physical and psychiatric examinations were normal, he

26 denied any lower extremity weakness, and he had normal range of motion in his

27 back.  *See* AR at 525-26, 528-29, 531-32, 536-37, 538-39, 539-540, 572-73.  As

28

1  such, the ALJ's RFC assessment is consistent with the objective medical evidence.

2  In addition to plaintiff's medical records, the ALJ also considered four

3  medical opinions that support his RFC assessment. *See id.* at 23. The ALJ

4  afforded great weight to the opinion of Dr. Peter Schosheim, an orthopedist, who

5  reviewed plaintiff's medical records and opined that he could perform medium

6  work, with the limitations that he could: sit for two hours at a time for a total of six

7  hours in an eight-hour workday; stand for two hours at a time for a total of four

8  hours in an eight-hour workday; walk for one hour at a time for a total of four

9  hours in an eight-hour workday; frequently or occasionally perform various

10  postural activities; shop, travel without a companion, walk a block at a reasonable

11  pace on rough or uneven surfaces, use standard public transportation, climb a few

12  steps at a reasonable pace with the use of a single hand rail, prepare meals, and

13  care for his personal hygiene; and he did not need a cane. *See id.* at 23, 600-05.

14  The ALJ gave Dr. Schosheim's opinion great weight because he is an orthopedist

15  with an understanding of social security disability programs and evidentiary

16  requirements, and because he reviewed the relevant medical evidence, which

17  supported his opinion. *See id.* at 23.

18  The ALJ also gave weight to the opinions of State Agency Physicians Drs.

19  Robert Mitgang and J. Rule and Consultative Orthopedist Dr. Frank Guellich. *See*

20  *id.* They opined that plaintiff could perform medium work with the ability to

21  stand, walk, or sit for six hours in an eight-hour workday with occasional and

22  frequent postural limitations. *See id.* at 131, 144-45, 487-94. The ALJ gave

23  weight to these opinions because they were consistent with each other and with the

24  record as a whole, but found that plaintiff could stand for only four hours in an

25  eight-hour workday for no more than two hours at a time, and walk for four hours

26  in an eight-hour workday for no more than one hour at a time. *See id.* at 23. The

27  ALJ's RFC determination and step five finding that plaintiff could perform certain

28

9

1    unskilled light jobs take into account plaintiff's standing and walking limitations

2    and are supported by medical expert opinions.  *See Saelee v. Chater*, 94 F.3d 520,

3    522 (9th Cir. 1996) ("[T]he findings of a nontreating, nonexamining physician can

4    amount to substantial evidence, so long as other evidence in the record supports

5    those findings.").

6            Accordingly, contrary to plaintiff's contention, the ALJ's RFC

7    determination is supported by substantial evidence in the record.

8    **C.    The VE's Testimony Constitutes Substantial Evidence for the ALJ's**

9           **Step Five Finding**

10           Plaintiff also appears to argue that the ALJ erred in finding that plaintiff

11   could not perform light or medium work, and instead should have limited plaintiff

12   to sedentary work, which would have rendered him disabled under Medical

13   Vocational Guideline Rule 201.06.  *See* P. Mem. at 3-5.

14           At step five, the burden shifts to the Commissioner to show that the claimant

15   retains the ability to perform other gainful activity.  *Lounsbury v. Barnhart*, 468

16   F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not

17   disabled at step five, the Commissioner must provide evidence demonstrating other

18   work exists in significant numbers in the national economy that the claimant can

19   perform, given his or her age, education, work experience, and RFC.  20 C.F.R. §

20   416.912(f).  The Commissioner can meet this burden in one of two ways: "(a) by

21   the testimony of a vocational expert, or (b) by reference to the Medical-Vocational

22   Guidelines ['the grids'] at 20 C.F.R. pt. 404, subpt. P, app. 2."  *Lockwood v.*

23   *Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

24           In response to a hypothetical that includes the limitations the ALJ found

25   credible, a VE may testify as to "(1) what jobs the claimant, given his or her

26   [RFC], would be able to do; and (2) the availability of such jobs in the national

27   economy."  *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999).  "A VE's

28

1  recognized expertise provides the necessary foundation for his or her testimony."

2  *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).  Accordingly, VE

3  testimony is substantial evidence.  *See Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th

4  Cir. 1995) ("'[T]he ALJ was within his rights to rely solely on the vocational

5  expert's testimony.'") (quoting *Conn v. Sec'y*, 51 F.3d 607, 610 (6th Cir. 1995)).

6  But where the VE testimony is fundamentally flawed, remand is appropriate.  *See,*

7  *e.g., Farias v. Colvin*, 519 Fed. App'x 439, 440 (9th Cir. 2013).

8       While the ALJ's RFC assessment provides that plaintiff could perform a

9  reduced range of medium work, the VE testified that the standing and walking

10  limitations in the RFC would limit plaintiff to light jobs.  *See* AR at 464-65.  As

11  part of the ALJ's analysis at step five, the ALJ recognized that plaintiff's ability to

12  perform a full range of light work was impeded by additional standing, walking,

13  postural, and environmental limitations.  *See id.* at 25.  To determine the extent to

14  which these limitations eroded the unskilled light occupational base, the ALJ

15  properly relied on VE testimony in finding that three representative unskilled light

16  occupations existed in significant numbers in the national economy, which an

17  individual with plaintiff's age, education, work experience, and RFC could

18  perform, even with some erosion in the positions due to plaintiff's standing and

19  walking limitations.  *See id.* at 25, 465; *Bayliss*, 427 F.3d at 1218 ("[T]he ALJ's

20  reliance on the VE's testimony regarding the number of relevant jobs in the

21  national economy was warranted" because an "ALJ may take administrative notice

22  of any reliable job information, including information provided by the VE.").

23       Plaintiff's conclusory assertion that he could not perform light or medium

24  work, and instead should be limited to sedentary work, which would render him

25  disabled per the Grids, is unsupported by the record.  Indeed, plaintiff does not

26  provide any evidence in support of his assertion that he should have been limited to

27  sedentary work, nor does he explain how the ALJ's finding that plaintiff could

28

11

1  perform certain unskilled light work is inconsistent with his standing and walking

2  limitations.  As such, the ALJ's step five finding that plaintiff could perform

3  certain unskilled light work is supported by substantial evidence, namely, the VE's

4  testimony.

**V.**

**<u>CONCLUSION</u>**

7       IT IS THEREFORE ORDERED that Judgment shall be entered

8  AFFIRMING the decision of the Commissioner denying benefits, and dismissing

9  the Complaint with prejudice.

11  DATED: September 29, 2021

SHERI PYM
United States Magistrate Judge

12